UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.T., by and through her Guardian Ad Litem,<br><br>  Plaintiff,<br><br>v.<br><br>SAN DIEGO UNIFIED SCHOOL DISTRICT,<br><br>  Defendant. | Case No.: 25-cv-00028-AGS-MMP<br><br>**ORDER GRANTING PLAINTIFF'S PETITION FOR ORDER FOR APPOINTMENT OF GUARDIAN AD LITEM**<br><br>[ECF No. 4] |

Pending before the Court is minor Plaintiff E.T.'s Petition for Order for Appointment of Guardian Ad Litem. [ECF No. 4.] Plaintiff requests the Court appoint her guardians, Kallie T. and Mark T.,[1] as her guardians ad litem. [*Id.*] For the reasons set forth below, the Court **GRANTS** Plaintiff's petition.

Plaintiff is fifteen years old, and she resides in San Diego. [ECF Nos. 4 at 1, 1 at 2.] Plaintiff filed suit against San Diego Unified School District under the Individuals with Disabilities Education and Improvement Act, 20 U.S.C. § 1400, et seq. [ECF No. 1 at 1.] Plaintiff is not represented by a general guardian under Federal Rule of Civil Procedure

---

[1] The guardians are listed by first names and last initials for privacy reasons.

17(c)(1). [ECF No. 4 at 2.]

An individual's capacity to sue is determined by the law of his or her domicile. Fed. R. Civ. P. 17(b)(1). Under California law, an individual under the age of eighteen is a minor. Cal. Fam. Code § 6500. A minor may not enforce his or her rights by civil action except through a guardian or guardian ad litem. Cal. Fam. Code § 6601; Cal. Civ. Proc. Code § 372(a).

District courts have "a special duty to safeguard the interests of minor plaintiffs." *See Robidoux v. Rosengren*, 638 F.3d 1177, 1179 (9th Cir. 2011). District courts "must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). The purpose of Rule 17(c)'s guardian ad litem provision "is to protect an incompetent person's interests in prosecuting or defending a lawsuit." *Harris v. Mangum*, 863 F.3d 1133, 1138 (9th Cir. 2017) (quoting *Davis v. Walker*, 745 F.3d 1303, 1310 (9th Cir. 2014)). While "natural bonds of affection" generally "lead parents to act in the best interests of their children," the Court should consider whether the interests of a minor plaintiff and potential guardian ad litem diverge, even if that potential guardian ad litem is a parent. *Troxel v. Granville*, 530 U.S. 57 (2000); Cal. Civ. Proc. Code § 372(b)(1).

"When there is a potential conflict between a perceived parental responsibility and an obligation to assist the court in achieving a just and speedy determination of the action, a court has the right to select a guardian ad litem who is not a parent if that guardian would best protect the child's interests." *Williams v. Superior Court*, 54 Cal. Rptr. 3d 13, 23 (Cal. Ct. App. 2007) (citation omitted). "[I]f the parent has an actual or potential conflict of interest with his child, the parent has no right to control or influence the child's litigation." *Id.*

In support of her petition, Plaintiff submitted declarations from Kallie. T. and Mark T. Through these declarations, Kallie T. and Mark T. consent to act as guardians ad litem in this action, state Plaintiff is unable to prosecute this matter without appointment of a guardian, and state there is no conflict of interest between the prospective guardians ad

litem and Plaintiff. [ECF No. 4 at 3–4.] From the Complaint, the Court gleans that Kallie T. and Mark T. are Plaintiff's parents. [ECF No. 1 at 2.]

Plaintiff, as a minor, does indeed require a guardian ad litem to proceed with litigation, so the Court must determine Kallie T. and Mark T.'s suitability for the role. While the Court has limited information about Kallie T. and Mark T., this action was brought to support Plaintiff's right to a free and appropriate education. [ECF No. 1 at 2.] Specifically, the Complaint disputes the adequacy of Plaintiff's individualized education plan (IEP) and Defendant's IEP process as applied to Plaintiff. [ECF No. 1.] Though the Complaint seeks tuition reimbursement and attorney's fees and costs, this action primarily concerns equitable relief related to Plaintiff's education. [ECF No. 1 at 13–14.] On these facts, the Court does not see a conflict between Plaintiff's interests and the interests of Kallie T. and Mark T. If a conflict becomes apparent, the Court reserves the right to appoint an independent guardian ad litem at that time.

For the foregoing reasons, Plaintiff's Petition for Order for Appointment of Guardian Ad Litem [ECF No. 4] is **GRANTED**.

**IT IS SO ORDERED.**

Dated: March 12, 2025

_____
HON. MICHELLE M. PETTIT
United States Magistrate Judge